***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Phillips and enters the following Opinion and Award:
 ***********
The following documentary evidence was received as:
 EXHIBITS *Page 2 
1. Plaintiff's Ex. #1A: PTA, Value Code Report, Accident Report, IC Forms, Medical Records, Medical Bills.
2. Plaintiff's Ex. #1B: Itemized Bill and Medical Records.
3. State's Ex. #1: NCIC Coverage Screen showing insurance cancellation date of 1/6/08.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, Plaintiff was fifty-three (53) years old. She was employed in a janitorial position with Defendant-Employer, Jim Kittrell, d/b/a Superior Cleaning Services, for approximately three (3) years. 2. Plaintiff worked with other employees cleaning commercial buildings late at night while the businesses were closed. Defendant-Employer also had employees working at other locations with whom Plaintiff-Employee occasionally worked. Some of the other employees were named Erika, Christina, and Maria.
3. Plaintiff earned $7.00 per hour and worked forty hours per week earning an average weekly wage of $280.00. Plaintiff's compensation rate is $186.67.
4. On March 19, 2008, Plaintiff was involved in an automobile accident while riding in a vehicle driven by a co-worker traveling from one job site to the next. The driver fell asleep at the wheel. The vehicle ran off the road and rolled over several times. Plaintiff suffered injuries to her head, neck, back, right and left shoulder, right arm, and hip, sustaining multiple contusions, lacerations, headaches, and chronic pain. *Page 3 
5. Immediately following the accident, Plaintiff was transported by Guilford County Ambulance to High Point Regional for complaints of headache, right shoulder and neck pain, right hip pain, left wrist pain, and right leg pain. As a result of the accident, Plaintiff was rendered unconscious for 2-3 minutes. A review of the x-rays, CT scans, labs and an EKG, revealed sprained extremities, a myocardial contusion, head injury, multiple contusions, cervical sprain, and back sprain. Plaintiff was given a prescription for Vicodin and released with instructions to follow up in 5 days.
6. Plaintiff received follow-up treatment with Wake Forest University Baptist Medical Center. On March 21, 2008, Plaintiff presented with complaints of persistent neck pain, lower back pain radiating to the right leg, and right shoulder pain with moderate limited range of motion. Plaintiff's examination revealed muscle spasms of the right posterior neck and tenderness in the lower t-spine. She was instructed to continue with pain medications and follow up with her primary care physician.
7. Plaintiff followed up with conservative chiropractic treatment at Liringis Chiropractic. Plaintiff experienced fatigue, tension, chest pains, irritability, confusion, nervousness, headaches, shoulder pain, mid-back and low-back pain, and neck pain. Plaintiff's treatment consisted of conservative chiropractic adjustments to the spine to realign and restore it to its normal position. Plaintiff was referred back to Baptist Medical Center for moderate persistent right shoulder pain.
8. Plaintiff sought treatment with Dr. L. Franco Giovanni for continued complaints of neck pain, arm weakness, and loss of strength. She also experienced dizziness when rising from a seated position and hip pain in her buttock area which became worse when Plaintiff was lying down. Plaintiff has been unable to work and has difficulty sleeping due to pain. After review of *Page 4 
her history and exam, Plaintiff was given Diazepam for low back pain and Tramadol for cervicalgia with instructions to follow up as needed.
9. Plaintiff returned to Baptist Medical Center for continual treatment for chronic upper extremity pain involving the right shoulder. Plaintiff was given an injection along with prescriptions for Ibuprofen, Medrol Doespak, and Skelaxin, and referred to Downtown Health Plaza. She was given instructions for no activity/work due to injuries and pain.
10. Plaintiff followed up with Downtown Health Plaza for chronic pain. Plaintiff was instructed to continue medications and was set up for a health maintenance program as well as physical therapy. As of the time of hearing before the Deputy Commissioner, Plaintiff had unpaid medical bills in the amount of $16,931.80.
11. Since March 19, 2008, the date of Plaintiff's injuries by accident, she has been unable to perform the duties associated with her work employment. Plaintiff has not returned to any gainful employment as a result of her work-related injuries.
12. The Commission finds that the greater weight of the evidence establishes that Defendant-Employer, Jim Kittrell, d/b/a Superior Cleaning Services, has employed at least three or more employees since January of 2008.
13. Defendant-Employer, Jim Kittrell, d/b/a Superior Cleaning Services, has not retained workers' compensation insurance since January of 2008 when the policy was cancelled.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. All parties are properly before the Industrial Commission. N.C. Gen. Stat. § 97-2. *Page 5 
2. Defendant-Employer, Jim Kittrell, d/b/a Superior Cleaning Services, was the duly-qualified Employer at the time of the accident and is subject to the North Carolina Workers' Compensation Act, having employed the requisite number of employees to be bound under the provisions of said Act at the time of the incident. N.C. Gen. Stat. § 97-2.
3. An employee-employer relationship existed between Plaintiff and Defendant-Employer, Jim Kittrell, d/b/a Superior Cleaning Services, at the time of her injury and said Defendant-Employer was uninsured at that time. N.C. Gen. Stat. § 97-2.
4. Plaintiff sustained an injury by accident on March 19, 2008. N.C. Gen. Stat. § 97-2 (6).
5. As a result of Plaintiff's compensable injuries on March 19, 2008, Plaintiff is entitled to have Defendant-Employer, Jim Kittrell, d/b/a Superior Cleaning Services, pay temporary total disability benefits at the rate of $186.67 per week, from March 19, 2008, and continuing until further order of the Commission. N.C. Gen. Stat. § 97-29.
6. As a result of Plaintiff's compensable injuries, Plaintiff is entitled to have Defendant-Employer, Jim Kittrell, d/b/a Superior Cleaning Services, pay for medical expenses incurred as a result of Plaintiff's compensable injuries, subject to the statute of limitations prescribed in N.C. Gen. Stat. § 97-25.1. N.C. Gen. Stat. §§ 97-2(19), 97-25, 97-25.1.
7. Any employer required to secure payment of compensation who refuses and neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect, and until the same ceases pursuant to N.C. Gen. Stat. § 97-94(b). Defendant-Employer, Jim Kittrell, d/b/a Superior Cleaning Services, failed to maintain workers' compensation insurance pursuant to N.C. Gen. Stat. § 97-93 in violation of the North *Page 6 
Carolina Workers' Compensation Act and is subject to penalties pursuant to N.C. Gen. Stat. § 97-94(b) for 43 days beginning January 7, 2008 through March 19, 2008 at fifty dollars ($50.00) per day.
8. Any person who with the ability and authority to bring an employer in compliance with N.C. Gen. Stat. § 97-93, willfully fails to bring the employer in compliance, shall be guilty of a Class H felony. Any person who, with the ability and authority to bring an employer in compliance with N.C. Gen. Stat. § 97-93, neglects to bring the employer in compliance, shall be guilty of a Class 1 misdemeanor. Any person who violates this subsection may be assessed a civil penalty by the Commission in an amount up to one hundred (100%) of the amount of any compensation due the employers' employees injured during the time the employer failed to comply with N.C. Gen Stat. § 97-93. N.C. Gen. Stat. § 97-94(d). As owner of the business, Jim Kittrell had the ability and authority to bring the business in compliance with N.C. Gen. Stat. § 97-93, and failed to do so.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD
1. Subject to the attorney's fee provided for hereinafter, Defendant shall pay Plaintiff temporary total disability (TTD) compensation in the amount of $186.67 per week from March 19, 2008, and continuing until further order of the Commission. Those payments that have accrued shall be paid in a lump sum, subject to the attorney's fee approved below. *Page 7 
2. An attorney's fee of twenty-five percent (25%) of the accrued back payment of TTD is approved for Plaintiff's attorney. Thereafter, every fourth (4th) TTD check shall be made payable and forwarded to Plaintiff's attorney until further order of the Commission.
3. Defendant-Employer shall pay all medical expenses incurred or to be incurred by Plaintiff as a result of her compensable injuries for as long as such examinations, evaluations and treatment may reasonably be required to effect a cure, provide relief or tend to lessen the period of disability, when bills for the same have been approved and subject to the provisions of N.C. Gen. Stat. § 97-25.1.
4. Defendant-Employer, Jim Kittrell, d/b/a Superior Cleaning Services, is ordered to pay the State of North Carolina penalties in the sum of $2,150.00 which represents $50.00 per day for 43 days from January 7, 2008, through March 19, 2008, for failure to secure workers' compensation coverage in accordance with the North Carolina Workers' Compensation Act.
5. An additional penalty of 100% of the accrued amount of the compensation due to Plaintiff in this matter, is assessed against Jim Kittrell individually for failing to comply with N.C. Gen. Stat. § 97-93. A check in the amount of $21,467.05 shall be made payable to the North Carolina Industrial Commission and sent directly to Assistant Attorney General Curtner at the Fraud Unit of the North Carolina Industrial Commission, such sum representing 100% of the accrued amount of compensation due Plaintiff for one hundred fifteen (115) weeks of TTD at the compensation rate of $186.67.
6. Defendant-Employer, Jim Kittrell, d/b/a Superior Cleaning Services, shall pay the costs of this action.
This the 1st day of June, 2010. *Page 8 
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1